Kirkpatrick C. J.
expressed his view of the case as follows. This is an action of trespass for breaking and *632 entering the plaintiff’s close, and treading down the grass grain there growing, &c.
The defendant pleads several pleas; and in the third; which is the one now under consideration, she says; that she and the plaintiff are possessed of certain tracts of land adjoining one another in the township of Teiulcsbury ; that a difficulty had arisen between them, touching the placing of the partition fence between the said tracts; that she had applied to two of the township committee thereupon, who had fixed the line where the same should be made, and designated the particular part ^thereof, which each of them should make; that the plaintiff, notwithstanding, had neglected and refused to make his part thereof; and that therefore, she entered into and upon the said close, in which &c. to make the same, as by the provisions of the statute in that case made and provided, it was lawful for her to do, treading down as little of the grass and. corn there growing, and doing as little damage as was possible ; and that this was the only breaking and entering of which the plaintiff complains.
To this plea- the plaintiff replies, that at the time when &c. and long before, there was and had been a partition fence between the said tracts, which designated and bounded the possession of the parties respectively; and that the line so, as aforesaid, fixed by the said township committee-men, was not in the same place where the said fence stood, but in another and different place. And to this replication there is a demurrer and a joinder in demurrer.
The only question raised at the bar, on those pleadings, is, whether where there is a subsisting fence, designating the possession of the parties, the township committee-men have authority, under the statute, to fix a place or line for the partition fence, different from.that where such subsisting fence stands.
The statute speaks of cases where difficulty may arise touching the placing of a particular fence. Now this phraseology is not, strictly speaking, applicable to a case where the partition fence is already placed. No difficulty can arise about doing that which is already done. If the statute had contemplated such a case as this, it would have *633 spoken, not of placing, but of altering, changing, straightening, or placing upon the true line, such fence.
Besides, the reason of the thing is against the authority. A citizen, upon general principles, is not to be dispossessed of his freehold by the opinion of two township committeemen, nor by the opinion of any other men, unless it be a lawful jury of the county. This principle too, has been already settled in the case of The State v. Ford and Baldwin, (Coxe 53) There, because the surveyors altered the line where the fence stood, and which had been acquiesced in for a long time, the court say, that under the pretence of settling a line fence, they had undertaJcm to try a title to lands; and therefore quashed their order. Therefore upon principle, as well as upon precedent, I think the demurrer must be overruled.
*Kirktatrick C. J. and Rossell J.
Thejudgmentof the court goes upon the ground, that the township committee, under the statute, have no authority to interfere in cases where a partition fence has already been made, and direct it to be placed elsewhere.
Southard J.
expressed no opinion, having formerly been of counsel with the plaintiff.
Demurrer overruled.